LUNSFORD DOLE PHILLIPS #4407
500 Ala Moana Blvd., Suite 7400
Honolulu, Hawaii 96813
Tel: (808)543-2055
lunsfordphillips@icloud.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

1:22-cv-

| | | |
|---|---|---|
| KATRINA LENTE, | ) | |
|     Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| T.P.T. SERVICES, INC. | ) | Trial Judge: |
|     Defendant | ) | Trial Date: |
| _____ | ) | |

### COMPLAINT

Plaintiff KATRINA LENTE through her undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely Defendant's alleged violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., and this Court has pendant jurisdiction over the alleged violation of Hawaii Revised Statutes Chapter § 489, prohibiting discrimination in public accommodations.

2. Venue lies in this Court because all events material hereto occurred within the District of Hawaii.

3. Plaintiff was and is a person with a serious mental health disability that substantially limits her activities for a number of reasons. Her conditions qualify her as disabled under federal and state law.

4. Defendant T. P. T. SERVICES, INC. dba Cheap Rent A Car ["Defendant"] does business in Hawaii as a Domestic Profit Corporation, registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in the automobile rental and leasing business. Defendant is a public accommodation, operating its place of public accommodation at 1137 Hopaka Street in Honolulu.

5. Plaintiff pursued and exhausted all administrative relief through the State of Hawaii Civil Rights Commission.

6. This Complaint is timely filed.

## FACTS

7. On September 14, 2021, at approximately 10 a.m. I called Defendant to rent a car and made a reservation to do so that day.

8. I arrived at Defendant's place of business approximately 10:30 a.m.

9. As always I was assisted by my dog who is a service animal.

10. The male staffing Defendant's office told me I needed a towel.

11. The male told me I might be charged a "cleaning" fee because of my dog.

12. I told him my dog was a service animal and that it was illegal to impose a surcharge because I had a service animal.

13. The male insisted he would not rent me a car because of my dog.

14. I offered to keep my dog off the seats and no the floorboard until I got a towel to put on the seat. He still refused.

15. I even offered to vacuum the car prior to returning it.

16. The male refused again, insisting the company had the legal right to refuse to rent to anyone for any reason.

17. I tried to show the male the letter from my doctor establishing I am

      supposed to have my fully-trained service animal with me at all times to alleviate the deleterious effects of my disability. He declined and dismissed my effort to prove what I was telling him was true.

18. After repeating numerous times he would not rent me a car because I had my service animal, the male simply walked out of the office.

## CAUSES OF ACTION

19. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(ii) based on Defendant's denial of her full and equal enjoyment of its services because of her disability for which she is benefitted by the use of a service animal. Specifically Defendant refused to make her requested reasonable modification to its apparent policy to disallow rental of vehicles by persons with service animals unless a surcharge or other discriminatory conditions are imposed.

20. Plaintiff also brings a cause of action for violation of Hawaii Revised Statutes § 489-3 based on the Defendant's denying her full and equal enjoyment of its services because of her disability for which she is benefitted by use of a service animal. Specifically Defendant refused to permit her to rent a car because she wanted to be accompanied by her service dog although her dog is an animal trained to perform tasks ameliorating several of her disabling conditions and qualifies as a service animal.

## RELIEF SOUGHT

21. Plaintiff seeks both legal and equitable relief.

22. Pursuant to 42 U.S.C. § 12188(a)(1) Plaintiff seeks an injunction requiring Defendant to train all its staff and employees who interact with the public as part of their job duties on the correct protocol for service animals.

23. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) Plaintiff seeks an

injunction requiring Defendant to train all its staff and employees who interact with the public as part of their job duties on the correct protocol for service animals.

24. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the plaintiff seeks damages three times the amount of damages to be shown at trial.

25. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all his reasonable attorney's fees and litigation costs.

26. Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) Plaintiff seeks all her reasonable attorney's fees and costs of litigation.

27. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, April 10, 2022

/s/ LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff